IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE GONZALEZ BERNARD,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

CIVIL NO. 14-1063 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff José González Bernard ("González") brings this Federal Tort Claims Act action against the United States of America, alleging he suffered trauma to his right eye as a consequence of his arrest by the United States Marshals, and that the government failed to provide proper medical attention to this condition during his incarceration. Plaintiff posits that the correctional and medical personnel at the Metropolitan Detention Center in Guaynabo ("MDC") did not provide adequate treatment to his injuries and as a result thereof, in addition to the pain he suffered, the vision in his right eye worsened. Several months after Plaintiff's arrest, he received an intraocular lens surgery, after the alleged injury and after several medical visits.

Defendant United States now moves for summary disposition of this case, alleging that Plaintiff received adequate medical care at all times and further that, since he lacks an expert witness, Plaintiff has failed to provide competent evidence to sustain his allegations of malpractice. (Docket Nos. 55 and 56). Plaintiff states in opposition thereto that he is not alleging medical malpractice, but rather, that it took an unreasonable amount of time for the MDC's staff to evaluate his condition and to provide the surgery,

<u>José González Bernard v. United States of America</u>
Civil No. 14-1063 (CVR)
Opinion and Order
Page 2
_____

as it was not until four months after the injury that he received medical attention. (Docket No. 62).

For the reasons explained herein below, the Court GRANTS Defendant United States' Motion for Summary Judgment.  (Docket No. 55).

## STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." <u>Vega-Rodríguez v. Puerto Rico Tel. Co.</u>, 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact."  <u>Cortés-Irizarry v. Corporación Insular</u>, 111 F.3d 184, 187 (1st Cir. 1997).  A fact is deemed "material" if it potentially could affect the outcome of the suit.  <u>Id.</u>  Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." <u>Id</u>. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all

reasonable inferences in the party's favor."  Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]."  Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); *see also*, Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012).   Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.' "  Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Facts which are properly supported "shall be deemed admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

<u>José González Bernard v. United States of America</u>
Civil No. 14-1063 (CVR)
Opinion and Order
Page 4
_____

## FINDINGS OF FACT

At the outset, the Court must mention that Plaintiff's Response to Defendant's Statements of Uncontested Facts is procedurally non-compliant. The Local Rules of Civil Procedure require that "unless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation as required by this rule". Loc. R. Civ. P. 56 (c). Plaintiff's denials were not properly supported at all by any citation to the record.

The Court of Appeals for the First Circuit has held that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted." <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001) (*citing to* <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir.2000) (citing prior cases). As a result of this procedural mishap by Plaintiff, unless otherwise stated, all of the opposition statements are procedurally non-compliant and the Court, therefore, deems admitted all facts from Defendant's statement of uncontested material facts pursuant to the Local Rules.

The Court also notes that, in opposing Defendant's Motion for Summary Judgment, Plaintiff submitted an unsworn statement under penalty of perjury, dated two days before the opposition to Defendants' Motion for Summary Judgment was filed, in what would seem to be an attempt to create issues of material fact.

The Court of Appeals for the First Circuit has refused, on numerous occasions, to allow issues of fact to be created simply by submitting a subsequent contradictory

Case 3:14-cv-01063-CVR   Document 64   Filed 11/17/16   Page 5 of 13

José González Bernard v. United States of America
Civil No. 14-1063 (CVR)
Opinion and Order
Page 5
_____

affidavit. <u>Colantuoni v. Alfred Calcagni & Sons</u>, 44 F.3d 1, 4-5 (1st Cir. 1994); <u>Torres v. E.I. DuPont De Nemours & Co.</u>, 219 F.3d 13, 20-21 (1st Cir. 2000); <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32 (1st Cir. 2001). While these cases applied to witnesses who submitted a contradictory affidavit after they had supplied differing deposition testimony, they are clear in ruling that attempting to create issues of fact at the eleventh hour, via an unsworn statement, is improper.

Furthermore, Plaintiff's denials of Defendant's facts are unsupported by anything in the record except the aforementioned unworn statement, which is, of course, self-serving and wholly conclusory. While affidavits and unsworn statements are acceptable evidence, at the summary judgment stage, Plaintiff must bring more to the table than his word, conclusions and opinions in his opposition. He must present facts, acts and documents to buttress the allegations in the Complaint, and cannot merely create an issue of fact by opposing all of Defendant's proffered facts with the self-serving unsworn statement that merely rehashes the allegations contained in the Complaint. Otherwise, it would be the same as proving the case with just the allegations in the complaint, and summary judgment would never be granted. At this stage, this is insufficient to oppose summary judgment. See <u>Garside v. Osco Drug, Inc.</u>, 895 F.2d 46 (1st Cir. 1990) ("We have repeatedly held that, while notice pleading is sufficient to open the federal courthouse door, a party opposing a motion for summary judgment, properly put, may not ask the court to try the case in order to determine the facts); <u>Castro-Medina v. Procter & Gamble Commercial Co.</u>, 565 F.Supp.2d 343 (D.P.R. 2008 ) ("However, we note that the only

evidence she provides in support of these conclusory allegations is her own deposition testimony, without any explanation or reference to evidence. 'Summary judgment cannot be defeated by relying on such conclusory allegations.' " (*quoting* Ríos-Jiménez v. Principi, 520 F.3d 31, 42 n. 7 (D.P.R. 2008); Brisbin v. Aurora Loan Servs., LLC, 679 F.3d 748, 754 (8th Cir. 2012) (holding "self-serving affidavit not sufficiently specific to raise genuine issue of material fact in face of uncontradicted facts in record"); Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1063 (9th Cir. 2012) (*quoting* FTC v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) ("'[C]onclusory, self-serving affidavit[s], lacking detailed facts and any supporting evidence,' are insufficient to create a genuine issue of material fact").

Consequently, the Court did not consider Plaintiff's statement for purposes of the Motion for Summary Judgment, nor did it consider any of Plaintiff's submitted uncontested facts which were premised on Plaintiff's own declaration.

Based on the filings made by the parties, the Court finds the uncontested facts in this case to be as follows:

1. On March 30, 2012, Plaintiff was taken to the Puerto Rico Medical Services Administration for high blood pressure and was discharged after treatment. No lacerations, wounds or trauma of any kind were observed or complained of. The only treatment received by Plaintiff was for high blood pressure. D. Exhibit 1, MDC Medical Record.

2. Upon arrival at MDC Guaynabo, Plaintiff denied any painful condition and no

Case 3:14-cv-01063-CVR   Document 64   Filed 11/17/16   Page 7 of 13

José González Bernard v. United States of America
Civil No. 14-1063 (CVR)
Opinion and Order
Page 7
_____

    recent signs of trauma, wounds or open sores were observed. D. Exhibit 2, Plaintiff's initial intake.

3. On April 2, 2012, Plaintiff had a sick call/triage encounter and requested refill for blood pressure medication. No vision complaints were made or documented. D. Exhibit 3 MDC Medical Record - Clinical Encounter.

4. On April 9, 2012, Plaintiff was again evaluated by the medical staff at MDC Guaynabo and the medical records show that he denied any painful conditions, he showed no recent signs of trauma, no open wounds or sores were visible or complained of. The examination showed right eye opalescence and he was referred to Optometry to rule out cataracts. D. Exhibit 4 MDC Medical Record – History and Physical.

5. On April 25, 2016, Plaintiff was a no-show to his medical appointment, despite multiple call outs in the housing unit. D. Exhibit 5 MDC Medical Record – Clinical Encounter Administrative Note.

6. On May 2, 2012, Plaintiff was seen on sick call and stated he was not seeing well. Plaintiff complained of being unable to see through his right eye since he was arrested. Plaintiff was referred for an optometry evaluation. D. Exhibit 6 MDC Medical Record - Clinical Encounter Administrative Note.

7. On May 8, 2012, an optometry evaluation was performed. At this encounter, Plaintiff reported receiving a punch in his right eye. Findings during the examination included no light perception in right eye due to cataract and

Case 3:14-cv-01063-CVR   Document 64   Filed 11/17/16   Page 8 of 13

José González Bernard v. United States of America
Civil No. 14-1063 (CVR)
Opinion and Order
Page  8
_____

borderline elevations of intra-ocular pressures. Plaintiff was referred to Ophthalmology.   D. Exhibit 7 MDC Medical Record – Consult Request.

8. On May 10, 2012, Plaintiff was seen for follow-up and complained of high blood pressure. His medications were continued. D. Exhibit 8 MDC Medical Record – Clinical Encounter.

9. On June 4, 2012, Plaintiff's case was approved for Ophthalmology evaluation. D. Exhibit 9 MDC Medical Record – Clinical Encounter Administrative Note.

10. On June 21, 2012, Plaintiff was a no show for his appointment despite multiple call outs. His appointment was rescheduled. D. Exhibit 10 MDC Medical Record – Clinical Encounter Administrative Note.

11. On July 10, 2012, Plaintiff was diagnosed with a mature cataract on his right eye. Pre-op evaluation was scheduled for August 8, 2012. Plaintiff's intra-ocular lens surgery was scheduled for August 22, 2012. D. Exhibit 11 MDC Medical Record – Consultation Request PRMSA.

12. Plaintiff was a no-show to his July 19, 2012, appointment. D. Exhibit 12 MDC Medical Record - Clinical Encounter Administrative Note.

13. On August 8, 2012, Plaintiff's surgical date was delayed by the specialist and re-scheduled for October 15, 2012. D. Exhibit 13, MDC Medical Record - Clinical Encounter Administrative Note.

14. On August 13, 2012, Plaintiff was seen in the chronic care clinic for management of his hypertension. No changes were noted in his visual

Case 3:14-cv-01063-CVR   Document 64   Filed 11/17/16   Page 9 of 13

José González Bernard v. United States of America
Civil No. 14-1063 (CVR)
Opinion and Order
Page 9
_____

complaints. D. Exhibit 14, MDC Medical Record – Clinical Encounter.

15. On September 27, 2012, Plaintiff was seen in the chronic care clinic for follow-up and management of his hypertension. No changes were noted in his visual complaints. D. Exhibit 15, MDC Medical Record – Clinical Encounter.

16. On October 1, 2012, Plaintiff had another pre-op Ophthalmology evaluation. During this evaluation, Plaintiff reported history of trauma to his right eye with the handle of a rifle on March 2012. D. Exhibit 16, MDC Medical Record – PRMSA.

17. On October 15, 2012, Plaintiff received his intraocular lens surgery. D. Exhibit 17, MDC Medical Record - Clinical Encounter Administrative Note.

18. Plaintiff was seen for Ophthalmology follow up on October 18, October 25 and November 2, 2012. No report of complications was received and eye medications were later discontinued per the specialist's instructions. D. Exhibit 18, MDC Medical Record – Consultation Request - Clinical Encounter Administrative Note.

19. On December 10, 2012, Plaintiff was examined in a follow-up visit and his chief complaint was hypertension. Again, there were no complaints of vision problems. D. Exhibit 19, MDC Medical Record – Clinical Encounter.

20. Up to this point, the only complaints alleged by Plaintiff had been for his right eye. The previous fact notwithstanding, on February 26, 2013, Plaintiff complained of left eye vision problems. The medical record states that there

Case 3:14-cv-01063-CVR Document 64 Filed 11/17/16 Page 10 of 13

José González Bernard v. United States of America
Civil No. 14-1063 (CVR)
Opinion and Order
Page 10
_____

was no evidence of trauma bilaterally. D. Exhibit 20, MDC Medical Record - Clinical Encounter.

21. On March 27, 2013, Plaintiff was seen by Ophthalmology and was diagnosed with a left eye cataract. No report of trauma was ever alleged or documented. D. Exhibit 21, MDC Medical Record – Consultation Request.

22. After a formal pre-op medical evaluation, Plaintiff's intra-ocular lens implant surgery was performed on October 21, 2013. D. Exhibit 22, MDC Medical Record.

## LEGAL ANALYSIS

Defendant United States posits that Plaintiff received adequate medical care at all times. Plaintiff disagrees, and proffers instead that it is not a malpractice case, but rather that Defendant failed to provide a medical evaluation and subsequent treatment within a reasonable amount of time. The Court cannot agree with Plaintiff.

While Plaintiff attacks the government's evidence, indicating that it failed to present sworn statements and rely instead on the medical record, this is precisely the kind of impartial information that is relevant at the summary judgment stage. The Court notes that, although Plaintiff criticized the government's use of the record, he has not challenged its content or its authenticity.

The medical record paints a clear picture of Plaintiff's condition. Noticeably absent is any mention whatsoever of any ailment to Plaintiff's eye from his arrest in March 30, 2012 until at least April 9, 2012. At that time, the record shows his right eye was examined,

opalescence was noticed and he was referred to optometry to rule out cataracts. He was given a follow up appointment for April 25 and in spite of the alleged seriousness of his condition, he failed to show up. In fact, it was not until May 2, when Plaintiff was seen on a sick call and reported he was not seeing well and unable to see through his right eye since he was arrested. Plaintiff was referred to an optometry evaluation at that time, and barely a week later, to an ophthalmology evaluation.

The record additionally demonstrates that Plaintiff was a no show to several follow up appointments. During every visit that he was actually seen, before his surgery in October, 2012, no changes were noted in his visual complaints. On these uncontested facts, the Court cannot simply take Plaintiff's word that his condition was necessarily caused at the time of his arrest, particularly when any such alleged injury is lacking in the record and he has provided no causal connection between his alleged harm and Defendant's actions. Clearly, the record shows that Plaintiff's claims were attended to promptly and he was seen multiple times and ultimately operated upon. A total of six months elapsed from when the record shows Plaintiff first complained of his loss of right eye vision, to the time he was operated upon. Plaintiff cannot expect the government to work at the same speed in a penal institution as in the private sector.

Plaintiff also alleges that, at the time he was admitted to MDC, "he had a visible bruise on his right eye", and urges the Court to "order the production of the original photograph for this analysis" since this copy of the picture "is not clear".  (Docket No. 62, ¶. 6). It is not the Courts' role, however, to do counsel's work. If this was material, relevant

evidence, Plaintiff should have asked Defendant for a clear, color copy of the same during discovery, and should have made sure that the Court was put in a position to rule on this matter. Plaintiff failed to do so.

Compounding these problems is the fact that Plaintiff has failed to present any kind of expert witness report to sustain his allegations. Although Plaintiff alleges this is not a malpractice case, because his main claim pertains to the tardiness of the treatment afforded and not in the treatment itself, under Puerto Rico's basic tort statute, in order to prevail in a tort claim, a plaintiff must establish three elements: (1) evidence of physical or emotional injury, (2) a negligent or intentional act or omission, in other words, the breach of duty element, and (3) a sufficient causal nexus between the injury and defendant's act or omission, in other words, proximate cause." Vázquez-Filippetti v. Banco Popular de P.R., 504 F.3d 43, 49 (1st Cir. 2007) (*citing* Torres v. KMart Corp., 233 F.Supp.2d 273, 277-78 (D.P.R. 2002).

Defendant correctly avers that, among other things, Plaintiff must provide expert witness testimony to outline the minimum acceptable standard of care, Defendant's failure to meet it, and that such failure caused the alleged harm which Plaintiff suffered. In the absence of an expert in this case, Plaintiff cannot meet this burden. Precisely because the record is silent regarding the causal nexus between the alleged injury and the alleged injurious act is why expert witness testimony was needed in this case. Although Plaintiff alleges that he "told the medical staff about the trauma he suffered to his head

José González Bernard v. United States of America
Civil No. 14-1063 (CVR)
Opinion and Order
Page 13
_____

during the arrest and that he had lost vision in the right eye"[1], more is needed at this stage than allegations in order to surpass this hurdle. Plaintiff has failed to provide it. A causal link is needed, and in this case, it is missing. For this additional reason, Plaintiff's claims cannot lie, and must be dismissed.

## CONCLUSION

For the aforementioned reasons, Defendant United States' Motion for Summary Judgment is GRANTED. (Docket No. 55). All claims filed by Plaintiff against Defendant United States are DISMISSED WITH PREJUDICE.

Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 17th day of November, 2016.

                          S/CAMILLE L. VELEZ-RIVE
                          CAMILLE L. VELEZ RIVE
                          UNITED STATES MAGISTRATE JUDGE

---

[1] Docket No. 62, p. 3, ¶6.